## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:07CV-00119-JHM
## CRIMINAL ACTION NO. 1:05CR-00040-JHM

**TERRY LYNN WILSON**                                              **MOVANT/DEFENDANT**

VS.

**UNITED STATES OF AMERICA**                                       **RESPONDENT/PLAINTIFF**

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

### BACKGROUND

The movant/defendant, Terry Lynn Wilson ("Wilson"), has filed, *pro se*, a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, along with a supporting memorandum and affidavit (DN 34). By order entered July 26, 2007, the District Judge referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for appropriate hearings, if any, and for the issuance of a report and recommendation regarding the pending § 2255 motion (DN 33). The respondent/plaintiff, United States of America ("United States"), has filed a response to the § 2255 motion (DN 35). Wilson has filed a reply memorandum (DN 36).

After considering the arguments of the parties, the evidence in the record, and the applicable law, the undersigned concludes that an evidentiary hearing is not necessary to address

the claims asserted in this § 2255 motion. The undersigned concludes this matter is now ripe for determination.

## FINDINGS OF FACT

On August 3, 2005, a Grand Jury in the Western District of Kentucky issued a 2-count indictment naming Wilson as the defendant (DN 1). Count 1 charged Wilson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (DN 1). Count 2 sought forfeiture of the firearm and ammunition pursuant to 18 U.S.C. § 924(d) (DN 1).

Wilson entered into a plea agreement with the United States on March 20, 2006 (DN 25). Under the terms of the plea agreement the United States agreed to recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law; recommend a fine at the lowest end of the applicable Guideline Range; recommend a three-level reduction for acceptance of responsibility; and recommend Wilson's sentence run concurrently with any State sentence currently being served (DN 25 at Pages 4-5).

The plea agreement indicates both parties believed the base offense level would be 20, pursuant to § 2K2.1(a) (DN 25 at Page 5). However, the plea agreement also indicates both parties understood if the presentence investigation revealed that Wilson had more than one felony conviction of either a crime of violence or a controlled substance offense then, pursuant to § 2K2.1, the base offense level would be 24 (DN 25 at Page 5). Additionally, the parties acknowledged that Wilson's criminal history category would be determined by Pretrial Services and set forth in the presentence investigation report (DN 25 at Pages 5-6).

As part of this plea agreement, Wilson agreed to waive his right to collaterally challenge both his conviction and sentence in a motion brought pursuant to § 2255 (DN 25 at Page 6). Notably, immediately above Wilson's signature on the plea agreement is the following statement:

> "I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it."

(DN 25, Plea Agreement at Page 9).

A change of plea hearing was conducted on March 20, 2006 (DN 26). The District Judge found Wilson "competent to enter the plea; having found the plea to be knowing, voluntary and with the advice of counsel; having advised the Defendant of his constitutional rights and the Defendant having advised the Court he understood and waived those rights; having advised the Defendant he would not be allowed to withdraw his plea; and having established a factual basis for the plea..." (DN 26). The District Judge accepted Wilson's guilty plea to Count 1 in the indictment pursuant to a Rule 11(c)(1)(B) plea agreement executed by the parties (DN 25).

The Court subsequently sentenced Wilson to 110 months imprisonment (DN 29). After receiving this sentence, Wilson signed a document acknowledging as part of his plea agreement with the United States he waived the right to appeal the sentence (DN 28).

On February 20, 2007 Wilson filed a petition for writ of mandamus in the Western District of Kentucky, Bowling Green Division, Civil Action No. 1:07CV-00034-JHM. Essentially, Wilson accused the United States of breaching the terms of the plea agreement and asked the Court to direct the United States to specifically perform its obligation under the plea agreement to impose a 77 month sentence (DN 1). The civil action has been dismissed and a notice of appeal has been filed.

CONCLUSIONS OF LAW

In order to obtain relief under 28 U.S.C. § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (*per curiam*), cert. denied, 508 U.S. 943 (1993). In order to obtain relief under § 2255 on the basis of a Constitutional error, the record must reflect an error of Constitutional magnitude that has a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

In essence, Wilson is collaterally challenging his sentence. He argues in Ground 1 that the United States breached the plea agreement because it failed to recommend a sentence of 77 months (based on an offense level of 21 and a criminal history category of IV) (DN 34). In Ground 2 Wilson argues counsel was ineffective because counsel failed to protect Wilson's contractual rights under the plea agreement (DN 34). Wilson believes counsel should have raised an objection during sentencing and insisted on the imposition of a 77 month sentence as specified in the plea agreement (DN 34).

Wilson is overlooking a key term of the plea agreement, he waived his right to file a § 2255 motion challenging his conviction and sentence (DN 25, Plea Agreement at Page 6). The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. See e.g. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Additionally, in Davila v. United States, 258 F.3d 448,

451 (6th Cir. 2001), the Sixth Circuit held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." Since Wilson has not raised a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel, he may not collaterally attack his conviction or sentence under § 2255. In Re Acosta, 480 F.3d 421, 422-423 (6th Cir. 2007).

Since the undersigned recommends the Court dismiss the § 2255 motion on a procedural ground, Wilson must satisfy both prongs of the test articulated in Slack v. McDaniel, 529 U.S. 473, 484-485 (2000), to be entitled to a Certificate of Appealability. To satisfy the first prong of this test, Wilson must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To satisfy the second prong, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Wilson makes an insufficient showing on one part. Id. at 485. For example, if the Court determines Wilson fails to satisfy the procedural prong then it need not determine whether the Constitutional prong is satisfied. Id. For the reasons set forth above, a plain procedural bar exists that jurists of reason would not find debatable. Id. at 484. Therefore, the undersigned recommends that a Certificate of Appealability be DENIED as to the claim Wilson raises in Grounds 1 and 2 of his § 2255 motion.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Wilson's motion pursuant to §

2255 be DISMISSED with prejudice. It is further recommended that a Certificate of Appealability be DENIED.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:     Movant/Defendant, *pro se*
            Counsel of Record